```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SHAHIDAH HAGANS,

                    Plaintiff,            ORDER
                                          18-CV-0464(JS)(AYS)
          -against-

NORTH BABYLON SCHOOL DISTRICT,
GLEN ESCHBACH, JONATHAN KLOMP,
JEFF RAYMOND, COLLEEN LIGONDE,
ALYSSA IMHOFF, DANIEL ROSE, DENNIS
MCELHERON, GARY COPPOLINO, EILEEN
CIBULS, GEORGIANNA LYNCH, KERRI HUGHES,
and JANE AND JOHN DOES 1-17,

                    DEFENDANTS.
----------------------------------------X
APPEARANCES
For Plaintiff:         Shahidah Hagans, pro se
                       1 Griggs Dr.
                       Greenlawn, New York 11740

For the
Moving Defendants:     Leo Dorfman, Esq.
                       Chelsea Ella Weisbrod, Esq.
                       Sokoloff Stern LLP
                       179 Westbury Avenue
                       Carle Place, New York 11514

Remaining
Defendants:            No appearance.
```

SEYBERT, District Judge:

Plaintiff Shahidah Hagans ("Plaintiff") initiated this action on or around January 22, 2018.  After many extensions, Plaintiff filed the operative Amended Complaint on or around December 17, 2018.  (Am. Compl., D.E. 17.)  More than one year ago, on May 31, 2019, Defendants Gary Coppolino, Glen Eschbach, Alyssa Imhoff, Jonathan Klomp, Colleen Ligonde, Dennis McElheron,

Jeff Raymond, and Daniel Rose (the "Moving Defendants") filed a motion to dismiss. (Mot., D.E. 39.) Plaintiff never filed an opposition.

Accordingly, on February 5, 2020, the Court issued an Electronic Order noting that mail sent to Plaintiff at her address of record was returned as undeliverable and marked "Return to Sender/Attempted Not Known/Unable to Forward." (Feb. 5, 2020 Elec. Order; see D.E. 44.) In that Order, the Court directed Plaintiff to submit a letter, within fourteen (14) days, stating whether she wished to proceed with this action and warned that "her failure to timely comply" would result in dismissal pursuant to Federal Rule of Civil Procedure 41(b). (Feb. 5, 2020 Elec. Order.) By letter dated February 13, 2020, Plaintiff provided the Court with an updated address. (Pl. Feb. 13, 2020 Ltr., D.E. 45.)

On February 18, 2020, the Court, "out of an abundance of caution and given Plaintiff's pro se status," directed Plaintiff to file an opposition to the Moving Defendants' motion by March 19, 2020 and warned that if she failed to file an opposition, the Court would deem the motion unopposed. (See Feb. 18, 2020 Elec. Order.) By letter dated March 19, 2020, Plaintiff requested an extension of time to file her opposition. (Pl. Mar. 19, 2020 Ltr., D.E. 47.) On March 25, 2020, the Court granted Plaintiff one final opportunity to file an opposition by May 26, 2020 "in light of her pro se status and the current health concerns

2

surrounding COVID-19." (See Mar. 25, 2020 Elec. Order.) The Court warned Plaintiff that "[n]o further extensions will be granted absent extraordinary circumstances" and that her "failure to timely file an opposition may result . . . in dismissal of the Amended Complaint without prejudice for failure to prosecute pursuant to" Federal Rule of Civil Procedure 41(b).

This final deadline expired and Plaintiff has not filed her opposition nor has she otherwise communicated with the Court. Accordingly, this case is DISMISSED WITHOUT PREJDUDICE for failure to prosecute. The Court has warned Plaintiff that her failures to communicate with the Court and her failure to file an opposition would result in dismissal. The Moving Defendants are prejudiced by Plaintiff's continued delay in responding to a motion that was filed on May 31, 2019, more than one year ago. The Court has an interest in managing its docket and alleviating court congestion and has been unable to do so despite providing Plaintiff with ample opportunities to move this case forward. Finally, lesser sanctions would be ineffective given the multiple warnings that this case would be dismissed in the event Plaintiff failed to file her opposition, communicate with the Court, or otherwise comply with Court Orders. Brow v. City of N.Y., 391 F. App'x 935, 936-37 (2d Cir. 2010).

The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED. **The Moving Defendants are**

3

**directed to mail a copy of this Order to the pro se Plaintiff and file proof of service to ECF within ten (10) days from the date of this Order.**

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith, and in forma pauperis status is therefore denied for the purpose of any appeal. See Coppedge v. U.S., 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   June   17  , 2020
         Central Islip, New York

4